**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

**WASTE MANAGEMENT, INC.**
800 Capitol Street, Suite 3000
Houston, TX 77002-2945,

                         Plaintiff,

    vs.

**U.S. INTERNAL REVENUE SERVICE**
1111 Constitution Avenue, NW
Washington, D.C. 20224,

                    Defendant.

**Civil Action No. 24-cv-1953**

---

## COMPLAINT

    Plaintiff Waste Management, Inc. ("Plaintiff" or "Waste Management") brings this action for declaratory and injunctive relief under the Freedom of Information Act, as amended, and as codified at 5 U.S.C. § 552 ("FOIA") and 28 U.S.C. § 1331.

### INTRODUCTION

    1.    Plaintiff seeks to compel disclosure of agency records requested from the Internal Revenue Service ("Defendant" or "IRS") in a FOIA request to which Defendant has not lawfully responded. Plaintiff submitted the FOIA request to Defendant on June 8, 2023, seeking files maintained by Defendant with respect to the consolidated group of which Waste Management is the common parent (the "WMI Group") in connection with (a) Defendant's examination of the WMI Group's 2017 tax return and (b) Waste Management's subsequent administrative appeal of Defendant's proposed adjustment to the WMI Group's taxable income for its 2017 taxable year.

    2.    To date, Defendant has not responded as required by 5 U.S.C. § 552(a)(6)(A)(i) and (B)(i), despite FOIA's requirement for agencies to respond to requests within 20 working days (or 30 working days, in the case of "unusual circumstances," where the requestor is notified of

such unusual circumstances in writing).

3.      Plaintiff asks the Court to enjoin Defendant from withholding the requested records and order Defendant to produce all agency records improperly withheld from Plaintiff.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over this case pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

5.      Venue is proper in this Court pursuant to 5 U.S.C. § 552(a)(4)(B).

## PARTIES

6.      Plaintiff Waste Management is a Delaware corporation with its principal place of business in Houston, Texas.

7.      Defendant IRS is an agency of the U.S. government and is headquartered in Washington, D.C.  Defendant has possession, custody, and control of certain public records that Plaintiff has sought to access under FOIA.  Defendant is responsible for fulfilling this request.

## STATUTORY FRAMEWORK

8.      FOIA requires that, upon any request for non-exempt records, "each agency . . . shall make the records promptly available to any person." 5 U.S.C. § 552(a)(3)(A).

9.      For requested materials to qualify as "agency records," the agency must either create or obtain the requested materials and be in control of the requested materials at the time the FOIA request is made. *See U.S. Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 144–45 (1989) (listing the "[t]wo requirements . . . which must be satisfied for requested materials to qualify as 'agency records.'").

10.      After receipt of a FOIA request, each agency must "determine within 20 days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of any such request

whether to comply with such request and shall immediately notify the person making such request . . . ." 5 U.S.C. § 552(a)(6)(A)(i).

11.     Among other requirements under 5 U.S.C. § 552(a)(6)(A)(i), the agency must notify the requestor of its "determination and the reasons therefor." 5 U.S.C. § 552(a)(6)(A)(i)(I).

12.     An agency response that merely acknowledges receipt of a request does not constitute a "determination" under FOIA. *Citizens for Responsibility & Ethics in Washington v. Fed. Election Comm'n*, 711 F.3d 180, 186 (D.C. Cir. 2013) ("[T]he agency must at least inform the requester of the scope of the documents that the agency will produce, as well as the scope of the documents that the agency plans to withhold under any FOIA exemptions."); *see also* U.S. Dep't of Justice, Office of Information Policy, *FOIA Counselor: Questions & Answers*, 13 FOIA UPDATE 3, at 2–3 (1992).

13.     Under "unusual circumstances," the time limit may be extended an additional ten working days "by written notice to the person making such request setting forth the unusual circumstances for such extension." 5 U.S.C. § 552(a)(6)(B).

14.     Unusual circumstances include:

(I)     the need to search for and collect the requested records from field facilities or other establishments that are separate from the office processing the request;

(II)    the need to search for, collect, and appropriately examine a voluminous amount of separate and distinct records which are demanded in a single request; or

(III)   the need for consultation, which shall be conducted with all practicable speed, . . . among two or more components of the agency having substantial subject-matter interest therein.

5 U.S.C. § 552(a)(6)(B)(iii).

15.     If, after the 30 working days, the agency fails to respond to a FOIA request, the requester is deemed to have exhausted administrative remedies and can seek judicial review. 5

U.S.C. § 552(a)(6)(C)(i); *see also Khine v. U.S. Dep't of Homeland Sec.*, 943 F.3d 959, 966 (D.C. Cir. 2019) ("[A] requester may be treated as if [it] exhausted the administrative appeals process where the agency did not provide a timely determination.").

16.     This Court has jurisdiction upon receipt of a complaint to review, *de novo*, the agency's failure to respond and order the production of any agency records improperly withheld from Plaintiff. 5 U.S.C. § 552(a)(4)(B).

## STATEMENT OF FACTS

17.     On June 8, 2023, Plaintiff (acting through its counsel) submitted a request under FOIA (the "Original FOIA Request") to the Defendant via the IRS FOIA Public Access Portal, requesting copies of:

> A.    The entire Examination Division Administrative File of the Internal Revenue Service ("IRS") with respect to WMI Group's 2017 income tax year and all papers and dividers therein, including but not limited to all documents, reports, revenue agent work papers, activity or work logs, transcripts, notes, investigative histories, schedules, report of interviews, memoranda of interviews, information received from third parties, written analyses, memoranda, telephone call slips, and notes, and
>
> B.    The entire IRS Independent Office of Appeals Administrative File with respect to WMI Group's 2017 income tax year and all papers and dividers therein, including but not limited to all documents, reports, revenue agent work papers, activity or work logs, transcripts, notes, investigative histories, schedules, report of interviews, memoranda of interviews, information received from third parties, written analyses, memoranda, telephone call slips, and notes.

18.     In a letter dated June 12, 2023, Defendant responded to Plaintiff's Original FOIA Request by acknowledging its receipt on June 8, 2023, assigning it a case number (#2023-16541), and providing an "initial estimated date of completion" of July 10, 2023.

19.     Twenty working days after the date on which Defendant received Plaintiff's

4

Original FOIA Request, excluding the Independence Day holiday, was July 10, 2023. An additional ten working days thereafter was July 24, 2023.

20.     On July 6, 2023, Defendant sent a letter to Plaintiff's counsel (which was received by counsel on July 11, 2023), stating that Defendant needed additional time to obtain the requested documents and setting the expectation that Defendant would provide a final response by November 13, 2023.  Defendant's July 6 letter further urged Plaintiff to "Please consider . . . limiting the scope of your FOIA request, which may reduce the timeframe in processing."

21.     On July 18, 2023, Plaintiff (acting through counsel) submitted a letter to Defendant by facsimile, acknowledging receipt of Defendant's letter dated July 6, 2023, and, with hopes of expediting Defendant's response, limiting the scope of the Original FOIA Request to the following materials in the IRS Exam and Office of Appeals administrative files pertaining to the WMI Group's 2017 tax year:

> Any and all workpapers, internal communications (including notes of meetings, interviews and telephone calls), memoranda, reports, written analyses, and similar materials relating to the issues under examination.

In addition, the July 18, 2023, letter narrowed the Original FOIA Request by excluding "any documents, correspondence or other information (i) which WMI Group or its representatives previously submitted to Exam or Appeals or (ii) which Exam or Appeals previously provided to WMI Group or its representatives."

22.     On September 20, 2023, Plaintiff's counsel received a voicemail from an IRS employee stating that the IRS office handling FOIA disclosures had not yet received documents from the large business unit (which had requested until September 25, 2023, to provide it with

5

responsive records). The IRS employee stated that a response would be provided, at the earliest, in mid-November.

23.     On November 7, 2023, the IRS employee left a voicemail for Plaintiff's counsel, stating that her office was still waiting for documents that were responsive to Plaintiff's FOIA request, and that she was "working on a subsequent extension letter . . . that would extend this out until the beginning of February."

24.     On November 7, 2023, Defendant sent a letter to Plaintiff's counsel, generally confirming the contents of the November 7, 2023, voicemail (*i.e.*, stating that Defendant needed additional time to obtain and review records responsive to Plaintiff's FOIA request, and indicating that it would provide a final response by February 12, 2024). Defendant's November 7, 2023, letter stated that Plaintiff need not reply if Plaintiff agreed to Defendant's requested extension.

25.     On January 9, 2024, an employee of the IRS office handling FOIA disclosures left a voicemail for Plaintiff's counsel stating that:

> [W]e have received the files for the case. There is one file in the case, the appeals file that has been reviewed or redacted, but is now with counsel. Review. Once that is done and approved, we'll try to get that out to you and send it to you like a on a rolling production type basis.

26.     On February 14, 2024, Defendant sent a letter to Plaintiff's counsel (which was received by counsel on February 21, 2024), stating that Defendant needed additional time to obtain and review the records requested in Plaintiff's FOIA request and setting the expectation that Defendant would provide a final response by June 28, 2024. Defendant's February 14 letter described the scope of Plaintiff's request in the manner set forth in Plaintiff's Original FOIA Request, rather than as limited and narrowed by Plaintiff's letter to Defendant dated July 18, 2023.

27.     On February 29, 2024, Plaintiff (acting through counsel) sent a letter to Defendant following a telephone conversation that occurred on that same day between Plaintiff's counsel and

Defendant's then-Acting Disclosure Manager. In the letter, Plaintiff (a) reminded Defendant that Plaintiff had previously narrowed its Original FOIA Request and (b) confirmed the contents of the telephone conversation (*i.e.*, Plaintiff's request for a commitment from Defendant to provide a final response to Plaintiff's FOIA request by March 31, 2024, as well as Defendant's provision of responsive documents prior to that date on a rolling basis to the extent feasible, and Defendant's agreement to determine whether such an arrangement would be workable and speak again by telephone on March 5, 2024).

28.     As documented in a March 26, 2024, letter from Plaintiff's counsel to Defendant, the IRS Acting Disclosure Manager told Plaintiff's counsel, in a telephone conversation on March 5, 2024, that he needed to talk to IRS counsel before committing to specific timing for Defendant's response to Plaintiff's FOIA request. Between March 5, 2024, and March 26, 2024, Plaintiff's counsel left numerous voicemail messages requesting an update regarding the status of Plaintiff's FOIA request but received no response.

29.     Between March 26 and May 7, 2024, Plaintiff's counsel left numerous voicemail messages for the Acting Disclosure Manager, and, subsequently, the IRS's FOIA Public Liaison, none of which were returned.  After Plaintiff's counsel sent another letter to Defendant on May 7, 2024, the Acting Disclosure Manager called Plaintiff's counsel on May 9, indicating that the matter had been assigned to an IRS Disclosure Agent, who was instructed that it was "top priority." In addition, he agreed to a rolling production of documents, stating that an initial set of materials was to be provided imminently; however, he stated he could not provide a firm timetable for production before discussing the issue further.  The following day, May 10, 2024, he failed to participate on an agreed telephone call with Plaintiff's counsel. Over the course of the next month, Plaintiff's counsel made multiple attempts to reach him by phone but received no response.

30.     On June 10, 2024, Plaintiff's counsel received an email notification of "Documents Delivered" with respect to Plaintiff's FOIA request through the IRS FOIA internet portal.  However, upon visiting the portal, Plaintiff's counsel found that no documents had been electronically delivered, and there was no indication that documents were being delivered by other means (*e.g.*, by U.S. mail).  Plaintiff's counsel again phoned the Acting Disclosure Manager and the Disclosure Agent to get clarification regarding the status of Plaintiff's FOIA request, but he received no response.

31.      On June 13, 2024, Plaintiff's counsel faxed a letter to the Acting Disclosure Manager requesting clarification regarding the "Documents Delivered" message he had received from the IRS FOIA internet portal.  Plaintiff's counsel received no direct response; however, the next day he received an email notification that the "Documents Delivered" status with respect to Plaintiff's FOIA request on the IRS FOIA internet portal was changed back to "In Process," with no other explanation.

32.     On June 18, 2024, Plaintiff's counsel received an interim response to Plaintiff's FOIA request from Defendant.  Defendant's interim response included 172 pages of responsive documents, 56 pages of which were fully withheld and six pages of which were partially withheld, based on FOIA exemptions claimed by Defendant.

33.     On June 20, 2024, Plaintiff's counsel phoned the Disclosure Agent to determine Defendant's expectations for completing its response to Plaintiff's FOIA request, but he received no response.

34.     In sum, to date, Defendant has not made a determination regarding, nor has it completed its production of the materials requested in, Plaintiff's FOIA request, as originally submitted on June 8, 2023, and subsequently limited on July 18, 2023.  To the best of Plaintiff's

knowledge and belief, none of the materials requested by Plaintiff are subject to exemptions or exclusions from FOIA.

35.     The July 10, 2023, deadline for Defendant to respond to Plaintiff's FOIA request and the July 24, 2023, deadline that would have applied in the case of "unusual circumstances" have both expired, and Defendant is not entitled to any further unilateral delay.

36.     Because Defendant has failed to respond in full to Plaintiff's June 8, 2023, FOIA request within 30 working days, Plaintiff has exhausted its administrative remedies in accordance with 5 U.S.C. § 552(a)(6)(C)(i) with respect to the June 8, 2023, FOIA request.

## CAUSES OF ACTION

### COUNT ONE

**Violation of FOIA, 5 U.S.C. §552, for Failure to
Respond Within the Time Required**

37.     Plaintiff asserts and incorporates by reference the preceding paragraphs.

38.     Plaintiff properly requested records under Defendant's control, custody and possession, in compliance with FOIA.

39.     Under FOIA, Defendant was required to respond to Plaintiff's FOIA request and to notify Plaintiff of the agency's determination within thirty working days after receiving the request. 5 U.S.C. § 552(a)(6)(A), (B).

40.     Defendant's failure to make the requisite determination and to communicate it to Plaintiff within the time allowed by the statute violates FOIA. 5 U.S.C. § 552(a)(6)(A)(i).

### COUNT TWO

**Violation of FOIA, 5 U.S.C. §552, for
Wrongful Withholding of Records**

41.     Plaintiff asserts and incorporates by reference the preceding paragraphs.

42.     Plaintiff properly requested records under Defendant's control, custody and

possession, in compliance with FOIA.

43.     Plaintiff is entitled under FOIA to access the records requested in the FOIA request and Defendant is obligated to respond within 20 working days, which may be extended an additional 10 working days under "unusual circumstances." 5 U.S.C. § 552(a)(3), (6)(A)(i), (6)(B).

44.     Defendant failed to disclose all requested records within the statutory timeframe in violation of 5 U.S.C. § 552(a)(6)(A)(i), (B).

45.     Defendant's conduct has caused irreparable harm by depriving Plaintiff of its right to public records under the law.  Defendant's conduct will continue to cause such harm until Defendant is compelled to obey the law.

46.     Plaintiff exhausted its administrative remedies with regard to the improperly withheld records.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A.     Assume jurisdiction in this matter and maintain jurisdiction until Defendant complies with FOIA and every order of this Court;

B.     Declare that Defendant's failure to make a timely determination with regard to Plaintiff's request violates FOIA, 5 U.S.C. 552(a)(6)(A)(i) and (B);

C.     Declare that Defendant's failure to promptly disclose the records requested by Plaintiff violates FOIA, 5 U.S.C. § 552(a)(3) and (6)(A)(i);

D.     Enjoin Defendant from withholding requested records;

E.     Order Defendant to produce, by a certain date, all agency records improperly withheld from Plaintiff, in accordance with 5 U.S.C. § 552(a)(4)(B), as well as a Vaughn index of any responsive records withheld under claim of exemption;

F.     Award Plaintiff its costs and reasonable attorneys' fees in this action, according to 5 U.S.C. §552(a)(4)(E); and

G.     Grant such other relief as the Court may deem equitable, just and proper.

Dated:  July 3, 2024                                Respectfully submitted,

                                                    /s/ Rod J. Rosenstein
                                                    Rod J. Rosenstein (D.C. Bar No. 432439)
                                                    Abraham N. M. Shashy, Jr. (*pro hac vice*
                                                    forthcoming)
                                                    KING & SPALDING LLP
                                                    1700 Pennsylvania Ave., NW
                                                    Suite 900
                                                    Washington, DC 20006
                                                    Telephone: (202) 737-0500

                                                    Kenneth L. Harris (*pro hac vice*
                                                    forthcoming)
                                                    Harris Winick Harris LLP
                                                    333 West Wacker Drive, Suite 2060,
                                                    Chicago, Illinois 60606
                                                    Telephone: (312) 662-4600

                                                    *Counsel for Plaintiff*
                                                    *Waste Management, Inc.*